IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>MAXON ENGINEERING SERVICES, INC.<br>Debtor<br>MAXON ENGINEERING SERVICES, INC.<br>Represented by its Chapter 7 Trustee<br>Plaintiff/Appellant<br>vs<br>MATOS PUMPING<br>Defendant/Appellee | CIVIL 08-2274CCC |

## OPINION AND ORDER

The action before us is an appeal from the decision of the Bankruptcy Court dismissing the adversary proceeding, Maxon v. Matos Pumping, Case No. 08cv2274, as time barred. Appellee did not file a brief in response. The facts stated in Appellant's brief (**docket entry 3**) as giving rise to this appeal are as follows:

Maxon Engineering Services, Inc., (Maxon) filed a Chapter 11 bankruptcy petition on May 4, 2004. Debtor managed its affairs as debtor-in-possession until it voluntarily filed for conversion to Chapter 7 on June 13, 2006. ¶1. Appellant alleges that substantial pre-petition transfers of debtor's property to some of its creditors were made within the ninety days, and to Maxon insiders within a year prior to filing for bankruptcy. ¶2. The transfers were allegedly for multimillions of dollars. Id. Appellant contends that the amount of indebtedness made reorganization impossible; therefore, the case was converted to Chapter 7. ¶3.

During the period that Maxon was under Chapter 11, Karen Mieses, daughter of Maxon's principal, was its president. The Trustee contends that Mieses refused to prosecute any of the claims to recover preferential payments to which the estate was entitled. Id.

CIVIL 08-2274CCC                               2

Appellant, who was appointed Chapter 7 Trustee upon the conversion, alleges that Mieses had a preconceived strategy to prolong Chapter 11 proceedings until the two-year period for avoiding pre-petition transfers and post-petition transfers for pre-petition debts had elapsed, thus protecting the preferential payments made to both debtor's insiders and non-insiders, and depriving Maxon's estate of the those assets.  Id.

On June 27, 2007 the Trustee filed over one hundred (100) adversary cases for recovery of pre-petition transfers, and post-petition payments on account of pre-petition debt, pursuant to §§547 and 549, of the Bankruptcy Code.  ¶6.  Several of the defendants filed motions to dismiss based on the fact that the two-year statute of limitations had expired.  The Trustee opposed the motions asserting the doctrine of equitable tolling, believing that Mieses' actions were deliberately designed to prevent recovery of the payments.[1]  The Bankruptcy Court dismissed the adversary proceedings, the case at bar among them, for being time-barred.  ¶12.

Appellant raises two issues on appeal:

A. Whether the Bankruptcy Court erred in granting the defendant's Motion to Dismiss where there were questions of fact.

B. Whether the Bankruptcy Court erred in determining that the bar date for filing the preference actions was not equitably tolled because the fraudulent conduct was not performed by the defendants.

**Standard of Review**

When reviewing the decision of a bankruptcy court, a district court reviews the bankruptcy court's factual findings, whether based on oral or documentary evidence, under the clear error standard, and its conclusions of law *de novo*.  C&A, S.E. v. Puerto Rico Solid

---

[1] The Trustee is suing Ms. Mieses and the other insiders for fraudulent transfers, fraudulent conduct, and breach of fiduciary duties.  ¶17.

CIVIL 08-2274CCC                                3

Waste Management Authority, 369 B.R. 87, 89 (D. Puerto Rico 2007); Herrans v. Mender, 364 B.R. 463 (D. Puerto Rico 2007); In re Empresas Omajede, Inc., 283 B.R. 636 (D. Puerto Rico 2002).

**Analysis**

The adversary complaint against Matos Pumping, which was filed on June 11, 2007, makes the following allegations:

> 4. Upon information and belief, on the above captioned debtor (sic), Maxon Engineering Services Inc., made a transfer of funds which were part of its property to the herein defendant, a creditor of the Debtor in the sum of $16,705.00.[2]
>
> 5. Upon information and belief, such transfer of funds was for or on account of an antecedent debt, owed by the debtor, before the transfer was made.
>
> 6. Upon information and belief, such transfer was made while the above captioned debtor was insolvent.
>
> 7. Upon information and belief, such transfer was made within ninety days before the day of the filing of the petition commencing this case.

These allegations reflect nothing more than a boilerplate suit for avoidance of a transfer in the ordinary course of a bankruptcy case. There is nothing in the complaint that refers to equitable tolling, fraudulent intent in the transfer or that Matos Pumping is an insider or was somehow involved in alleged fraud. Moreover, the Bankruptcy Court found that the allegations of fraudulent acts relate to post-petition actions and omissions by Mieses, not the legitimate, pre-petition payment by Maxon to Matos Pumping[3].

---

[2] The Court notes that included with the addendum to the opposition to dismiss is one payment to Matos Pumping for $6,408.00, made by check dated January 23, 2004, which would be outside of the 90-day period. However, the trustee has brought it into the period, stating that the check was not cashed until February 13, 2004.

[3] We must rely on the decision of the Bankruptcy Court for the nature of Matos Pumping's services and products. Appellant has neither provided the information nor included documents from the case that would have provided such information.

CIVIL 08-2274CCC                              4

The case law which states that the doctrine of equitable tolling applies if the concealment is committed by any of the parties, involves egregious conduct directly related to the avoidance action.  In re Maxon Engineering Services, Inc., 397 B.R.228, 230 (Bankr. D. Puerto Rico 2008).  In the decision and order now under review, the Bankruptcy Court cites Matter of Mediators, Inc., 190 B.R. 515 (S.D.N.Y. 1995),  which held that the statute of limitations only tolled as to defendant who actively participated in the concealment.  The Court also states:

> While this Court does not necessarily conclude that the defendant must perpetrate the fraud or wrongful conduct, there must be a nexus between the defendant and the wrongful conduct.... The present adversary proceedings are against third party suppliers that had no connection with the debtor's alleged post-petition fraudulent conduct. The causes of action are against general trade creditors for avoidance of preferences. Accepting the trustee's allegations as true, the defendants were owed money by the debtor pre-petition and paid within the preference period....  [T]here is no allegation of wrongful conduct on their part or that their claims were paid fraudulently. Moreover, the payments made to the debtor's creditors within the preference period, were disclosed in the debtor's schedules.
> . . . The causes of action against the defendants are only based on pre-petition payments, not the debtor's subsequent post-petition conduct.  Unlike the debtor's insiders, who allegedly perpetrated and benefitted from the purported fraud, the defendants are innocent third parties as to the alleged post-petition misconduct.

In Re Maxon Engineering Services, supra, at 5-6.

Appellant argues that the question of whether a fraud was committed that would allow the Trustee to continue the avoidance suit is a question of fact.  However, inasmuch as no fraud is alleged or can be inferred from the facts in the complaint, with regard to the pre-petition payment to Matos Pumping, there is no question of fact on this point.  It therefore follows that there are no grounds to support equitable tolling of the statute of limitations.

CIVIL 08-2274CCC                                     5

     For the above-stated reasons, the dismissal of this adversary suit by the Bankruptcy Court is AFFIRMED.

     SO ORDERED.

     At San Juan, Puerto Rico, on June 4, 2009.


                                        S/CARMEN CONSUELO CEREZO
                                         United States District Judge